**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: ANDREA GROVES,

    Debtor,

------------------------------

A&D PROPERTY CONSULTANTS, LLC,

    Appellant,

  v.

A&S LENDING, LLC,

    Appellee.

No.    23-60040

BAP No. 22-1130

MEMORANDUM*

In re: ANDREA GROVES,

    Debtor,

------------------------------

A&D PROPERTY CONSULTANTS, LLC,

    Appellant,

  v.

A&S LENDING, LLC,

No.    23-60041

BAP No. 22-1131

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellee.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Spraker, Faris, and Lafferty III, Bankruptcy Judges, Presiding

Argued and Submitted June 6, 2024
San Francisco, California

Before: S.R. THOMAS and MILLER, Circuit Judges, and BENNETT,** District Judge.

In these consolidated cases, A&D Property Consultants, LLC ("Consultants"), appeals from a decision by the Ninth Circuit Bankruptcy Appellate Panel ("BAP") affirming two separate orders from the U.S. Bankruptcy Court for the District of Arizona. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We affirm the BAP's decision and remand for a determination of attorney's fees.

We have jurisdiction under 28 U.S.C. § 158(d)(1). We review the BAP's decision *de novo*, applying "the same standard of review that the BAP applied to the bankruptcy court's ruling." *In re Boyajian*, 564 F.3d 1088, 1090 (9th Cir. 2009).

1. In its first order, the bankruptcy court held that the Chapter 13 debtor,

---

** The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

Andrea Groves, had satisfied the requirements under 11 U.S.C. § 363(f)(4) and § 363(h) to sell a piece of real property "free and clear of liens." The court had previously determined that Appellee A&S Lending, LLC ("A&S") had a valid lien against Consultants' one-half interest in the property, but not against Groves's one-half interest. The court approved Groves's motion to sell the property but ordered that A&S be paid half of the net sales proceeds. Upon receiving this payment, A&S was ordered to execute a release of its lien.

We agree with the BAP that the Bankruptcy Code does not authorize a sale free and clear of liens under these circumstances. By its terms, § 363(f) only allows a bankruptcy estate to sell "property *of the estate*" free and clear of liens. 11 U.S.C. § 363(f) (emphasis added); *accord id.* § 363(b)(1) ("The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property *of the estate* . . . ." (emphasis added)). Because Consultants was not a debtor, its one-half interest in the real property here was not "property of the estate." *See* 11 U.S.C. § 541(a)(1) (defining "property of the estate" to include, *inter alia*, "all legal or equitable interests of the debtor in property as of the commencement of the case"). The fact that Consultants consented to the sale does not mean that its interest was converted into "property of the estate."[1] We thus

---

[1] Section 363(h) reinforces this conclusion, as it distinguishes between "the estate's interest" and "the interest of any co-owner in property in which the debtor had . . .

3

agree with the BAP that the sale of the property here should have been "subject to any liens or interests against the nondebtor's interest" — namely, A&S's lien against Consultants' one-half interest.

Regardless, any error by the bankruptcy court in authorizing the sale free and clear of liens was harmless because the court properly ordered half of the proceeds to be paid to A&S in satisfaction of its lien. Conditioning the sale in this way fell within the bankruptcy court's authority under 11 U.S.C. § 363(e) to "provide adequate protection" for entities with an interest in the property to be sold. We therefore affirm the BAP's decision.

2. In its second order, the bankruptcy court determined that A&S had not waived its claims to enforce its lien against Consultants by failing to raise them as counterclaims in Groves's adversary proceeding. Even assuming that Consultants was an "opposing party" within the meaning of Federal Rule of Civil Procedure 13(a),[2] and that there was a "logical relationship" between the claims, *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987), we conclude that A&S was not required to bring any claims it had under its lien as counterclaims in

---

an undivided interest." 11 U.S.C. § 363(h). Consultants has provided no persuasive reason why § 363(f) should be read to allow a sale free and clear of liens against the nondebtor co-owner's interest, even if § 363(h)'s requirements are met. Indeed, doing so would risk extending bankruptcy relief to non-debtor parties.

[2] Rule 13(a) generally "applies in adversary proceedings," with some exceptions not relevant here. Fed. R. Bankr. P. 7013.

the adversary proceeding.

Requiring A&S to bring its lien claims under Rule 13(a) would have effectively deprived A&S of its ability to seek nonjudicial foreclosure (i.e., a "trustee's sale"), a remedy provided by Arizona law. *See Wells Fargo Credit Corp. v. Tolliver*, 903 P.2d 1101, 1103 (Ariz. Ct. App. 1995); Ariz. Rev. Stat. § 33-807. As the BAP observed, this would violate the Rules Enabling Act, 28 U.S.C. § 2072, by giving "primacy to a procedural rule at the expense of A&S's substantive rights." We thus conclude that A&S did not waive its ability to enforce any claims it had on its lien against Consultants and affirm the BAP in this regard.

3. We likewise reject as meritless Consultants' contention that A&S should have been judicially estopped from asserting its lien claims. Judicial estoppel applies where, *inter alia*, a party's "current position is 'clearly inconsistent' with its previous position." *Perez v. Discover Bank*, 74 F.4th 1003, 1008 (9th Cir. 2023) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)). Although A&S recognized that its *reformation* counterclaim may have been a compulsory counterclaim, it has never taken the position that its *lien* claims were compulsory counterclaims. The BAP was correct that "[t]here is simply no inconsistency between A&S's former position that its reformation claims were subject to the compulsory counterclaim rule and its current position that the enforcement of the

5

underlying debt was not a compulsory counterclaim."[3]

4. Finally, we grant A&S's request for an award of reasonable attorney's fees, and remand to the BAP for a determination of the fee award. The BAP previously denied A&S's request for attorney's fees because A&S had not set forth the justification for the fee award in a separate motion. A&S noted that, if it prevailed before this court, it would "fully brief this issue in a motion seeking an award of fees." That briefing should be presented to, and the issue resolved by, the BAP on remand.

**AFFIRMED AND REMANDED.**

---

[3] To the extent Consultants has valid claims for lender liability and bad-faith conduct by A&S, or that Consultants could argue that A&S's proceeds from the sale of the real property should be disgorged in part or in whole due to "payments [A&S] had previously received," we see no reason why those issues could not be litigated in another forum. We share the BAP's view that the motion to sell (which underlies the immediate appeals) was "not a vehicle for nondebtors to challenge encumbrances against their interests in the jointly owned property being sold under § 363(h)."